**13 CIV   589**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- X

KENNETH KISSIEDU,

                        Plaintiff,

        -against-

THE CITY OF YONKERS, and YONKERS POLICE
DEPARTMENT OFFICERS THOMAS CLEARY and
JARED SINGER, Individually and in their Official
Capacities,

                       Defendants.

----------------------------------------------------------------- X

        **COMPLAINT**

        <u>**JURY TRIAL DEMANDED**</u>

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

    Plaintiff Kenneth Kissiedu ("Plaintiff" or "Mr. Kissiedu"), by and through his

undersigned counsel, Thompson Wigdor LLP, as and for his Complaint in this action against

Defendants the City of Yonkers ("City"), and Yonkers Police Department ("YPD") Officers

Thomas Cleary ("Cleary") and Jared Singer ("Singer"), (collectively, "Defendants"), hereby

alleges as follows:

### <u>PRELIMINARY STATEMENT</u>

    1.    On February 3, 2010, Mr. Kissiedu, an African-American veteran New York City

Police Department ("NYPD") sergeant, was assaulted without any provocation or justification

whatsoever, by two white Yonkers Police Department police officers, Cleary and Singer.  Mr.

Kissiedu was then unlawfully arrested and maliciously prosecuted for more than two years on

trumped-up and utterly bogus charges, during which time his livelihood was at risk as a result of

being suspended from active duty from the NYPD.  Ultimately, Mr. Kissiedu was fully acquitted

of all criminal charges following a jury trial.

2.      Specifically, Cleary and Singer stopped Mr. Kissiedu without any reasonable suspicion that he had committed a crime.  Cleary, while acting under color of law, brutally beat Mr. Kissiedu by hitting him in the head and face with a closed fist and taking him to the ground, and did so without justification.  Cleary and Singer then arrested and falsely imprisoned Mr. Kissiedu without probable cause to believe that he had committed a crime.  Over the course of the next two years plus, Cleary and Singer repeatedly provided false accounts of what occurred to the Westchester County District Attorney's office, and participated in the malicious prosecution of Mr. Kissiedu, by, among other things, repeatedly providing inaccurate and false accounts of Mr. Kissiedu's arrest.

3.      The violence committed against Mr. Kissiedu by members of the YPD, and his subsequent false arrest and malicious prosecution, violated his civil rights and liberties.  Mr. Kissiedu, therefore, brings this civil rights action for declaratory, injunctive and equitable relief, as well as monetary damages, including economic loss, compensatory damages, punitive damages, costs and attorneys' fees, to redress Defendants' unlawful practices and acts committed against him, in violation of 42 U.S.C. § 1983.

4.      Defendants' conduct was knowing, malicious, willful and wanton and/or showed a reckless disregard for Mr. Kissiedu and his rights, which has caused, and continues to cause, Mr. Kissiedu to suffer great pain and suffering, substantial economic and non-economic damages, permanent harm to his professional and personal reputation, personal humiliation and degradation, severe mental anguish and emotional distress.

## JURISDICTION AND VENUE

5.      This action arises under the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1983 and 1988.

6.     Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

7.     Venue is proper in the Southern District of New York under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this action occurred in this district.

## **PARTIES**

8.     Plaintiff is an African-American male, currently residing in Westchester County, New York.

9.     Defendant City of Yonkers is a municipality organized and existing under the laws of the State of New York, and having a place of business in Westchester County, New York.  At all times relevant hereto, Defendant City, acting through the Yonkers Police Department, was responsible for the policy, practice, supervision, implementation, and conduct of all YPD matters, and was responsible for the appointment, training, supervision, and conduct of all YPD personnel.  In addition, at all relevant times, Defendant City was responsible for enforcing the rules of the YPD, and for ensuring that the YPD personnel obey the laws of the United States and of the State of New York.

10.     At all relevant times, Cleary and Singer are and were duly appointed and acting officers, servants, employees and agents of the City and/or the YPD, a municipal agency of the City.  At all relevant times, Cleary and Singer are and were acting under color of state law in the course and scope of their employment and functions as officers, agents, servants, and employees of the City.  They were also acting for, and on behalf of, and with the power and authority vested in them by the City and the YPD, and were otherwise performing and engaging in conduct

3

incidental to the performance of their lawful functions in the course of their duties.  Cleary and

Singer are sued in their official and individual capacities.

## FACTUAL ALLEGATIONS

11.    On February 3, 2010, at or about 10:30 p.m., Mr. Kissiedu was lawfully walking

on a public street in the City of Yonkers on his way to begin his shift as an NYPD police

sergeant.

12.    Mr. Kissiedu heard a male voice yell "yo" two to three times, though Mr.

Kissiedu did not know to whom these words were directed.

13.    Mr. Kissiedu then heard a car door open and close, saw Cleary and Singer exit a

marked YPD vehicle and one of them yelled, "Didn't you hear us calling you?"

14.    Mr. Kissiedu indicated that he did not hear them calling for him.

15.    Mr. Kissiedu was then asked whether he saw a Hispanic male pass by with a

woman's bag.  Mr. Kissiedu responded that he had not.

16.    Mr. Kissiedu then heard the officers make an offensive utterance.

Suddenly, without provocation or warning, Cleary grabbed Mr. Kissiedu and punched him in the

face.

17.    Mr. Kissiedu fell to ground and was punched repeatedly in the head and face area.

18.    While he was on the ground, Singer joined Cleary and placed Mr. Kissiedu in

handcuffs.

19.    Cleary then reached for Mr. Kissiedu's wallet.  Upon opening the wallet, Cleary

and Singer saw Mr. Kissiedu's badge which indicated that he was an NYPD police officer.

4

20.     Minutes later, the officers asked Mr. Kissiedu if he had a firearm, to which Mr. Kissiedu replied that he did.  The officers then confiscated his firearm and placed him in the marked police vehicle.

21.     Mr. Kissiedu was later brought to St. Joseph's Hospital where he was treated for injuries to his face and jaw.

22.     Mr. Kissiedu was then processed at central booking where he received a desk appearance ticket for obstruction of governmental administration.

23.     On or about March 23, 2010, Mr. Kissiedu was formally charged by the Westchester County District Attorney's Office in a misdemeanor information with a violation of New York Penal Law § 195.05, Obstructing Governmental Administration in the second degree. Defendant Cleary, the complaining witness, knowingly made numerous false statements in support of the misdemeanor information.

24.     Over the course of the next two years, Mr. Kissiedu was prosecuted by the Westchester County District Attorney's office.  During this time, Mr. Kissiedu was suspended from active duty with the NYPD, and then placed on modified non-active duty.

25.     This prosecution was driven by false statements and perjured testimony given by Cleary and Singer regarding the events surrounding Mr. Kissiedu's arrest.

26.     Mr. Kissiedu was forced to expend significant resources and time to defend against the criminal charge brought against him, including but not limited to, having to make numerous court appearances.

27.     In September 2011, Mr. Kissiedu was found "not guilty" by a unanimous trial jury.  The jury deliberated for roughly one hour before returning this verdict.

28.    Cleary and Singer both testified at Mr. Kissiedu's trial on behalf of the prosecution.

29.    As demonstrated, the arrest giving rise to Mr. Kissiedu's prosecution was lacking in probable cause.

30.    Officers Cleary and Singer stopped, physically assaulted, detained, arrested and then drove the malicious prosecution of Mr. Kissiedu in violation of his civil rights.

31.    As a result of the wanton and unlawful attack, false arrest and false imprisonment, and malicious prosecution of Mr. Kissiedu, he has suffered, and continues to suffer, serious and personal injuries, including, but not limited, contusions to his jaw.  He has also suffered emotional trauma, including but not limited to, fear, embarrassment, humiliation, emotional distress, depression, anxiety, loss of sleep, as well as public disgrace and damage to his personal and professional reputations.

## AS AND FOR A FIRST CAUSE OF ACTION
### (42 U.S.C § 1983 – False Arrest and False Imprisonment)

32.    Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

33.    Defendants wrongfully and illegally arrested, detained and/or imprisoned Plaintiff.

34.    The wrongful, unjustifiable and unlawful apprehension, arrest, detention and imprisonment of Plaintiff was carried out without Plaintiff's consent, and without probable cause or reasonable suspicion.

35.    Throughout this period, Plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest, deprived of his liberty, and falsely imprisoned.

36.    All this occurred without any fault or provocation on the part of Plaintiff.

37.    Officers Cleary and Singer acted under pretense and color of state law and within the scope of their respective employments as YPD officers.

38.    Based on the conduct described above, Defendants deprived Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

39.    As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff suffered the damages hereinbefore alleged, entitling Plaintiff to an award of monetary damages, attorneys' fees and other relief.

40.    Officers Cleary and Singer exhibited reckless and/or callous indifference to Plaintiff's federally protected rights, including Plaintiff's constitutional right to be free from arrest and imprisonment without probable cause, entitling Plaintiff to an award of punitive damages.

## AS AND FOR A SECOND CAUSE OF ACTION
### (42 U.S.C. § 1983 – Excessive Use of Force)

41.    Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

42.    Defendants subjected Plaintiff to an excessive use of force in connection with his arrest, detention and deprivation of liberty described above.

43.    Officer Cleary unlawfully struck Plaintiff on his head and face, and brought him to the ground, where Officer Singer joined him in restraining Plaintiff.

44.    By using excessive force and assaulting Plaintiff, Officers Cleary and Singer deprived Plaintiff of his rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, but not limited to, rights

7

guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

45.     Officers Cleary and Singer acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as YPD officers.

46.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged, entitling Plaintiff to an award of monetary damages, attorneys' fees and other relief.

47.     Officers Cleary and Singer exhibited reckless and/or callous indifference to Plaintiff's federally protected rights, including Plaintiff's constitutional right to be free from excessive force, entitling Plaintiff to an award of punitive damages.

## AS AND FOR A THIRD CAUSE OF ACTION
### (42 U.S.C. § 1983 – Municipal Liability)

48.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

49.     Under color of law, Officers Cleary and Singer stopped Plaintiff without reasonably suspecting Plaintiff of having committed a crime, deployed excessive and unreasonable force against Plaintiff, arrested, searched and/or imprisoned Plaintiff without probable cause to believe that Plaintiff had committed a crime, although Officers Cleary and Singer knew that said misconduct would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

50.     Upon information and belief, the unlawful arrest, detention, deprivation of liberty and excessive use of force perpetrated against Plaintiff was the result and manifestation of the customs, policies, rules, practices, training and/or procedures of the City and the YPD.

51.     Upon information and belief, it is the customs, policies, rules, practices, training and/or procedures of the City and the YPD to stop citizens of color without reasonably suspecting them of having committed a crime.

52.     Additionally, the City, pursuant to policies, customs, practices, and procedures, inadequately screens, hires, retains, trains, promotes, and supervises its employees serving as police officers, causing the violation of Plaintiff's rights as described herein.  As a result of the City's failure to properly recruit, screen, train, discipline, and supervise its officers, including Officers Cleary and Singer, the City has tacitly authorized, ratified, and has been deliberately indifferent to, the unconstitutional acts and conduct complained of herein.

53.     The existence of these unconstitutional customs and policies can be inferred from the repeated occurrences of similar illegal conduct, as documented in the numerous civil rights actions filed against the City in the state and federal courts.

54.     The foregoing customs, policies, usages, practices, procedures and rules of the City and the YPD constitute deliberate indifference to the safety, well-being and constitutional rights of Plaintiff.

55.     As a consequence of the City's systemic practice, pattern and custom of intentionally promoting and supporting YPD officers' and officials' violations of 42 U.S.C. § 1983, Plaintiff was deprived of his freedom, and physically and emotionally harmed.

56.     The foregoing customs, policies, usages, practices, procedures and rules of the City and the YPD were the direct and proximate cause of the constitutional violations Plaintiff suffered.

57.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City and the YPD, Plaintiff was unlawfully stopped, assaulted and battered, arrested, searched and imprisoned on the basis of his race and/or color.

58.     Officers Cleary and Singer, while acting under color of state law, were directly and actively involved in violating Plaintiff's constitutional rights.

59.     As a direct and proximate result of the City's illegal customs, policies, practices and procedures, Plaintiff suffered violations of his rights under 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

60.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff suffered the damages hereinbefore alleged, entitling Plaintiff to an award of monetary damages, attorneys' fees and other relief.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**(42 U.S.C. § 1983 – Malicious Prosecution)**

61.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if set forth herein.

62.     The Fourth Amendment of the United States Constitution protects citizens from overzealous and malicious prosecution by government officials without probable cause.

63.     The commencement and prosecution of the criminal judicial proceedings against Plaintiff, including the arrest, the imprisonment, and the charges against Plaintiff were committed by or at the insistence of Defendants without probable cause or legal justification and with malice.

64.     The criminal judicial proceedings initiated against Plaintiff were terminated in Plaintiff's favor.

65.     The arrest, imprisonment and prosecution of the Plaintiff were malicious and unlawful because Plaintiff had committed no crime and there was no probable cause to believe that the Plaintiff had committed a crime.

66.     The Defendants' actions were intentional, unwarranted and in violation of the law.  The individual Defendants had full knowledge that the charges made against Plaintiff were false and untrue.

67.     As a consequence of the malicious prosecution by Defendants, Plaintiff incurred substantial loss of liberty, including, but not limited to, having to attend court appearance and a public trial, loss of income, and having to expend substantial legal and other costs in his defense.

68.     This conduct by Defendants represents a violation of 42 U.S.C. § 1983, given that Defendants' action were undertaken under color of state law.

69.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff suffered the damages hereinbefore alleged, entitling Plaintiff to an award of monetary damages, attorneys' fees and other relief.

70.     The acts of Defendants were willful, wanton, malicious and oppressive and were motivated solely by a desire to harm Plaintiff without regard for Plaintiff's well-being, and were based on a lack of concern and ill-will towards him.  Such acts therefore deserve an award of punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor and against Defendants, containing the following relief:

A.     A declaratory judgment that Defendants willfully violated Plaintiff's rights secured by the laws of the United States of America;

B.      An injunction and order to enjoin Defendants from continuing to violate the laws of the United States of America, as alleged herein, and any such other injunctive relief as may be appropriate to prevent future violations of said federal laws;

C.      An award of damages to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to his professional and personal reputations;

D.      An award of damages, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory harm, including but not limited to, compensation for his mental anguish, depression, anxiety, humiliation, embarrassment, stress, emotional pain and suffering, emotional distress and physical injuries;

E.      An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

F.      An award of punitive damages;

G.      An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees;

H.      Such other and further relief as the Court may deem just and proper.

## <u>JURY DEMAND</u>

Plaintiff hereby demands a trial by jury on all the issues of fact and damages stated herein.

Dated: January 25, 2013
      New York, New York            Respectfully Submitted,

                                       THOMPSON WIGDOR LLP

                                       By:_____
                                            Douglas H. Wigdor
                                            David E. Gottlieb
                                            Tanvir H. Rahman

                                       85 Fifth Avenue
                                       New York, NY 10003
                                       Telephone:  (212) 257-6800
                                       Facsimile:  (212) 257-6845
                                       dwigdor@thompsonwigdor.com
                                       dgottlieb@thompsonwigdor.com
                                       trahman@thompsonwigdor.com

                                       *Counsel for Plaintiff*