Michael V. Curti
Corporation Counsel for the City of Yonkers
40 South Broadway
City Hall, Room 300
Yonkers, New York 10701
By: Rory McCormick (RM 3994)
Associate Corporation Counsel

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
KENNETH KISSIEDU,

                                                                          Plaintiff,

-against-

                                                      **ANSWER**

THE CITY OF YONKERS, and YONKERS POLICE
DEPARTMNET OFFICERS THOMAS CLEARY and      13 Civ. 589 (KMK)
JARED SINGER, Individually and in their Official
Capacities,

                                                       Defendants.
-------------------------------------------------------------------X

       Defendants, THE CITY OF YONKERS, YONKERS POLICE DEPARTMENT OFFICERS THOMAS CLEARY and JARED SINGER, by their attorney, Michael V. Curti, Corporation Counsel of the City of Yonkers, as and for its Answer to the Complaint respectfully allege as follows:

       FIRST: Deny the allegations set forth in paragraphs "1", "2", "3", "4", "5", "6" and "7" of the Complaint; except those portions containing conclusions of law which accordingly require no response; and except admit that plaintiff purports to proceed as stated therein.

       SECOND: Denies knowledge or information sufficient to form a belief as to the truth of any of the allegations set forth in the paragraphs designated "8", "11", "12",

"13", "14", "15", "16", "17", "18", "19", "20", "21", "22", "24", "26", "27" and "28" of the Complaint.

THIRD: Deny the allegations set forth in paragraph "9" of the Complaint; except those conclusions of law which accordingly require no response; and except admit that the City of Yonkers is a municipal corporation of New York State.

FOURTH: Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint except admit that Police Officers Thomas Clary and Jared Singer are employed by the City of Yonkers in the City of Yonkers Police Department and respectfully refer all questions of law to the Court.

SIXTH: Denies upon information and belief, each and every allegation set forth in paragraphs designated "23", "25", "29", "30" and "31" of the Complaint and respectfully refers all questions of law to the Court.

## ANSWERING THE FIRST CAUSE OF ACTION

SEVENTH: Defendants repeat and reiterate each and every admission and denial heretofore interposed with respect to the paragraph re-alleged in the paragraph designated "32" of the Complaint with the same force and effect as though fully set forth herein at length.

EIGHTH: Denies upon information and belief, each and every allegation set forth in paragraphs designated "33", "34", "35", "36", "38", "39" and "40" of the Complaint and respectfully refers all questions of law to the Court.

NINTH: Denies knowledge or information sufficient to form a belief as to the truth of any of the allegations set forth in the paragraph designated "37" of the Complaint and respectfully refers all questions of law to the Court.

## ANSWERING THE SECOND CAUSE OF ACTION

TENTH: Defendants repeat and reiterate each and every admission and denial heretofore interposed with respect to the paragraph re-alleged in the paragraph designated "41" of the Complaint with the same force and effect as though fully set forth herein at length.

ELEVENTH: Denies upon information and belief, each and every allegation set forth in paragraphs designated "42", "43", "44", "46" and "47" of the Complaint and respectfully refers all questions of law to the Court.

TWELFTH: Denies knowledge or information sufficient to form a belief as to the truth of any of the allegations set forth in the paragraph designated "45" of the Complaint and respectfully refers all questions of law to the Court.

## ANSWERING THE THIRD CAUSE OF ACTION

THIRTEENTH: Defendants repeat and reiterate each and every admission and denial heretofore interposed with respect to the paragraph re-alleged in the paragraph designated "48" of the Complaint with the same force and effect as though fully set forth herein at length.

FOURTEENTH: Denies upon information and belief, each and every allegation set forth in paragraphs designated "49", "50", "51", "52", "53", "54", "55", "56", "57", "58", "59" and "60" of the Complaint and respectfully refers all questions of law to the Court.

## ANSWERING THE FOURTH CAUSE OF ACTION

FIFTEENTH: Defendants repeat and reiterate each and every admission and denial heretofore interposed with respect to the paragraph re-alleged in the paragraph designated "61" of the Complaint with the same force and effect as though fully set forth herein at length.

SIXTEENTH: Denies upon information and belief, each and every allegation set forth in paragraphs designated "63", "65", "66", "67", "68", "69" and "70" of the Complaint and respectfully refers all questions of law to the Court.

SEVENTEENTH: Denies knowledge or information sufficient to form a belief as to the truth of any of the allegations set forth in the paragraph designated "64" of the Complaint.

EIGHTEENTH: Deny all the allegations in the "Wherefore" portion of the Complaint, except those conclusions of law which accordingly require no response; and except admit that plaintiff purports to proceed as stated therein.

## AS AND FOR A FIRST DEFENSE:

NINETEENTH: Plaintiff fails to state a claim for which this Court may grant relief.

## AS AND FOR A SECOND DEFENSE:

TWENTIETH: There was probable cause to arrest the plaintiff.

## AS AND FOR A THIRD DEFENSE:

TWENTY-FIRST: There was probable cause to prosecute the plaintiff.

## AS AND FOR A FOURTH DEFENSE:

TWENTY-SECOND: That if any physical force was used to effect the arrest of plaintiff, only such physical force was used to the extent it was reasonably believed to be necessary to effect the arrest of plaintiff, whom the arresting officer reasonably believed to have committed an offense.

## AS AND FOR A FIFTH DEFENSE:

TWENTY-THIRD: The individual defendants Thomas Cleary and Jared Singer are protected by the doctrine of qualified immunity.

## AS AND FOR A SIXTH DEFENSE:

TWENTY-FOURTH: If, as alleged, plaintiff's civil rights were violated, such violation did not occur pursuant to any policy, custom or practice of the City of Yonkers or at the direction of any policy making official.

WHEREFORE, defendants request judgment dismissing the Complaint together with costs, disbursements, and attorneys' fees and any other relief the Court deems just and proper.

Dated:   January 30, 2013
         Yonkers, New York

                                    Yours, etc.,

                                    Michael V. Curti
                                    Corporation Counsel for the City of Yonkers
                                    City Hall, Room 300
                                    Yonkers, New York 10701
                                    (914) 377-6256

                                    By: _____
                                    Rory McCormick (RM 3994)
                                    Associate Corporation Counsel

TO:    Thompson Wigdor, LLP
        85 Fifth Avenue
        New York, NY 10003

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2013 I caused a true and correct copy of the foregoing ANSWER to be served by mail upon:

>Thompson Wigdor, LLP
>85 Fifth Avenue
>New York, NY 10003

Dated: January 31, 2013
      Yonkers, New York

_____
Rory McCormick (RM 3994)